No. 12,163.
First Circuit Appeal.

EMILE J. GUIDRY AND WIFE, MRS. SA-
LINA ALBERT GUIDRY, v. TECHE
TRANSFER COMPANY,
INCORPORATED.

(December 30, 1924. Opinion and Decree.)
(February 18, 1925, Rehearing Refused)

(*Syllabus by the Editor.*)

1. **Louisiana Digest, Automobiles.—Par. 4.**
Where the driver of a motor-bus leans over
to fight a bee, thereby causing the bus
to run into a ditch, he is negligent and
his employer is liable for the resultant
damage.
(Civil Code, Art. 2315. Editor's note.)

2. **Louisiana Digest, Act of God.—Par. 8;
Evidence—Par. 58.**
Where the defense to a suit is that the
damage was caused by an accident or
uncontrollable event, the burden is on
the defendant to prove it under Arti-
cle 2754 of the Civil Code. This arti-
cle applies indirectly to personal in-
juries.

Appeal from the 19th Judicial District
Court, Parish of St. Martin, Hon. James
Simon, Judge.

This is a damage suit for personal in-
juries. There was judgment for defendant
and plaintiff appealed.

Judgment reversed.

Charles J. Boatner, of Franklin, attorney
for plaintiffs, appellants.

Burke & Smith, of New Iberia, attorneys
for defendant, appellee.

ELLIOTT, J. An automobile omnibus,
operated by Teche Transfer Company, Inc.,
in which were passengers for hire, plaintiffs
Emile J. Guidry and his wife, Mrs. Salina
Albert Guidry, their child, and Mrs. Goulas
and L. B. Dixon, ran off the highway and
down an embankment into a ditch and over-
turned.

There was considerable water and soft
mud in the ditch and Mr. and Mrs. Guidry's
child came near being suffocated in the
mud and water, but escaped serious injury.
Mr. and Mrs. Guidry and L. B. Dixon were
more or less bruised, Mr. Dixon suffering
the greatest injury, but both Mr. and Mrs.
Guidry were injured in various ways and
shocked and frightened largely because of
their child, and their clothes soiled and
torn.

Mr. and Mrs. Guidry have brought this
suit against Teche Transfer Company, Inc.,
for damages on said account: Their pe-
tition alleges that the omnibus was over-
turned and their injuries sustained as a re-
sult of the negligence and want of care of
defendant, Teche Transfer Co., Inc., its
agents and servant in operating the same
on the highway; that the occurrence was
due solely to the fault of the driver, etc.
The sum of $1500.00 is claimed on account
of the injuries sustained by Mrs. Guidry
and $2190.00 on account of those sustained
by Mr. Guidry.

The answer of defendant denies the neg-
ligence and want of care alleged by plain-
tiffs and alleges that a bumble bee unex-
pectedly and without warning flew into the
automobile and stung the chauffeur, the
pain and shock of which caused him to mo-
mentarily loose control of the omnibus and
that as a consequence it went over the em-
bankment. That the sole and proximate
cause of the accident was the attack made
by the bee on the chauffeur, an uncontrol-
lable event which defendant could not fore-
see nor avoid. That defendant was there-
fore not liable and prayed for the rejec-
tion of plaintiffs' demand.

The district court rejected plaintiffs' de-
mand and they have appealed, the defense
being accident and uncontrollable event, the

burden devolved upon the defendant to prove· it C. C. Art. 2754.

The Article speaks of "things," but the same rule applies when the injury is to a person carried.

According to the testimony of the chauffeur, he was driving carefully along the highway about 10 or 12 miles an hour, when a bumble bee got up his right leg under his pants and stung him on the ankle, just below the knee, paralyzing him so that he lost control of the car and it was gone so far when he realized it that he was unable to bring it back ·on the road; that he did not see the bee until it stung him, upon which he grabbed for it ·with one hand and in doing so must have swerved the car around; declares he was stung 15 or 20 times. A bee sting on the calf of the leg, particularly up under the knee, would leave a mark which would be visible for several hours afterward and such a number of stings would do more than that.

His leg was not examined, however, and no witnesses to any marks· appeared, and whatever marks there might have been would not remain longer than a day or so. Mr. L. B. Dixon, who has a similar suit, testified as a witness that he was reading a paper and the first thing he knew they were in the ditch. Plaintiff Emile J. Guidry testifies that he was sitting with ·his wife and baby near the driver and saw a bee, which he did not know whether it was a bumble bee or a honey bee, come through the windshield; that the driver reached over and opened the door and reached for his cap· to fight the bee, with his head down, and ran into the ditch. That the driver first opened the door and then took off his cap and fought the bee with his right hand, his left on the wheel, his head down, without slacking the speed of the car, which ran 50 or 100 feet from the time he first saw the bee until it ran over the embankment. That the driver never quit fighting the bee, which was flying around him, until the car went into the ditch; that he saw the car going into the ditch, etc.

The testimony of Mrs. Guidry is to the same effect.

Mrs. A. G. Goulas saw a disturbance at the wheel, saw that the chauffeur and Mr. Guidry were both attracted by something, saw the cap; they were fighting something, saw the car was going over, etc. Her testimony corroborates Mr. and Mrs. Guidry that the driver was fighting the bee with his cap.

According to the testimony of the driver, there was an uncontrollable event, superior force, fortuitous event, called in the French law *force majeur, cas fortuit,* etc.—C. C. Arts. 3556 No. 14 & 15; 2754, 1933, etc.

Domat's Civil Law, speaking of accident, says they sometimes happen by the act of man, sometimes by the act of God, sometimes partly by the act of man and partly by the act of God, etc.

According to the testimony of Mr. and Mrs. Guidry and Mrs. Goulas, the driver, defendant's servant, engaged in striking at the bee with his cap, not heeding the running car and the embankment on which it was going. He was not giving to the safety of his passengers proper care, his conduct was careless and his fault was the sole and proximate cause of the occurrence in question. To our mind the testimony of the driver is not sufficient to prove against the countervailing testimony of Mr. and Mrs. Guidry and Mrs. Goulas the uncontrollable event alleged by defendant; that the testimony of Mr. and Mrs. Guidry and of Mrs. Goulas establishes that the ·omnibus was overturned as a result of the driver's negligence and want of care at the ·time

mentioned and renders the defendant responsible to plaintiffs for all the injuries and damages sustained by them on account of same. The judgment rejecting their demand is, therefore, erroneous.

The next question is the amount of damages, the most difficult question in the case. The plaintiffs have largely over-claimed in that respect; at the same time they would not undergo the same risk and experience for a great deal more than they have claimed.

We have concluded that Mrs. Saline Albert Guidry is entitled to recover of the defendant on account of physical pain and injuries, shock, fright and suffering a total of one hundred and fifty dollars with legal interest from judicial demand and that Mr. Emile J. Guidry is entitled to recover of defendant on account of his loss and injury to clothing of himself and wife; loss of his wife's service and expenses on account of her injuries and pain; and on account of his own shock, injuries and pain; expenses for dental work and for loss of his teeth a total of one hundred and fifty dollars with legal interest from judicial demand.

It is therefore ordered adjudged and decreed that the judgment appealed from be and the same is hereby annulled avoided and set aside and it is now ordered adjudged and decreed that Mrs. Saline Albert Guidry have and recover judgment of the defendant Teche Transfer Co., Inc., the sum of one hundred and fifty dollars with legal interest from judicial demand and that Emile J. Guidry have and recover judgment against the defendant Teche Transfer Company, Inc., in the sum of one hundred and fifty dollars with legal interest from judicial demand; that the defendant and appellee pay the cost of both courts and the judgment is remanded to the lower court for execution.